PER CURIAM.
Christopher Cottle, appellant, appeals the order denying in part and affirming in part the jail credit awarded him as part of his sentence for grand theft, imposed after his probation related to that offense was revoked. Neither Cottle nor the State submitted briefs, so our review is limited to the record and the appealed order.
After analyzing the lower tribunal’s order and the transmitted record, we affirm the appealed order in all respects but one. The court below awarded Cottle twenty-five days’ jail credit for his time in custody from December 12, 2009 to January 5, 2010, observing that Cottle was given no credit for this incarceration. We agree that the record demonstrates that Cottle was not given any jail credit towards his sentence for this time period, and that a Department of Corrections warrant for Cottle’s arrest based on a violation of probation was executed by Duval County authorities on December 12, 2009. Cottle’s appearance bond issued in connection with this arrest, however, indicates that it was posted on December 29, 2009; January 5, 2010 is the date a copy of the bond was filed and docketed in the case file by the clerk of the court. It seems, therefore, that the court erroneously awarded Cottle seven days’ jail credit (December 30, 2009 to January 5, 2010) for time he was actually out on bond.
Accordingly, we AFFIRM in part, REVERSE in part, and REMAND to allow the circuit court to award Cottle eighteen days’ jail credit for his time in custody from December 12, 2009 to December 29, 2009.
LEWIS, C.J., VAN NORTWICK and SWANSON, JJ., concur.